The Honorable Mary Jo Heston
Chapter 13
Hearing Date: February 20, 2025
Hearing Time: 1:30 PM
Location: Tacoma Federal Courthouse
Union Station
1717 Pacific Avenue, Ste 2100
Courtroom H
Tacoma, WA 98402-3233 Response
Date: February 13, 2025

UNITED STATES BANKRUPTCY COURT
FOR DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

GREGERY DEAN PIM,

Debtor.

**CASE NO. 24-42622-MJH**

CHAPTER 13

INTERESTED PARTY RABIYA PROPERTIES, LLC'S MOTION FOR RELIEF FROM STAY, ANNULMENT AND NOTICE OF HEARING

### NOTICE OF HEARING

PLEASE TAKE NOTICE that this Motion for Relief from Automatic Stay:

Hearing Date: February 20, 2025
Hearing Time: 1:30 PM
Location: Tacoma Federal Courthouse Union Station
1717 Pacific Avenue, Ste 2100
Courtroom H
Tacoma, WA 98402-3233
Response Date: February 13, 2025

MOTION FOR RELIEF FROM STAY & ANNULMENT
1

**ROI LAW FIRM, PLLC**
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 1 of 13

IF YOU OPPOSE this Motion, you must file and serve your response no later than the response date which is seven (7) days prior to the hearing. If no response is timely filed and served, the court may, in its discretion, grant the motion prior to the hearing without further notice and strike the hearing.

I.     **RELEVANT FACTS**

The Movant RABIYA PROPERTIES, LLC invests in foreclosed property. *Dec'l Rabi*.

The foreclosure sale for this property located at 6607 Eastside Drive NE, Tacoma, WA 98422 was held at 10:00 AM on November 15, 2024, to realize a mortgage let by the Debtor, and the $49,666.18 default noticed thereon. *Notice of Tr.'s Sale*. Ex. 1 to *Dec'l Rabi*.

The Movant paid the price for the property on November 15, 2024, before leaving the Pierce County Courthouse entry area where the sale was called. *Dec'l Rabi*, *Dec'l Wesolowski*. The auction was competitive. The bidders, including the Movant, drove the price from the debt amount to the sales price of $236,000, generating a surplus of $172,485.39. *Surplus Pet.* Ex.2 to *Dec'l Counsel*.

The Movant financed the home with a short-term construction loan at twelve percent interest. *Dec'l Rabi*. Also on November 15, 2024, the Movant signed loan documents for the purchase price. *Id.* Interest has accrued under the loan every day since the sale at a per diem rate of $82.04. *Id.* Also on November 15, 2024, the movant secured property insurance for the Premises. The insurance cost per diem is $7.10. *Id.* The Premises accrues ad valorem property tax expenses at a rate of $16.84 per day in 2024, and assuming that amount will be constant in 2025, the tax expense will probably be higher than $16.84 per day in 2025, but the county tax role is not yet posted. *Id.* The per diem carrying charge for the Premises is $105.98 for the Movant. The Deed of Trust memorializing the loan is on file. Ex. 1 to *Dec'l Wesolowski*.

MOTION FOR RELIEF FROM STAY & ANNULMENT
2

**ROI LAW FIRM, PLLC**
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 2 of 13

Shortly after the sale and before the Deed could be finalized, on November 19, 2024, the foreclosed borrower, Debtor herein, filed this Bankruptcy case. *Pet*. **Dkt 1.**

The Petition states that the Debtor owns the Premises. This was underscored by the balance of schedules, Schedule A/B, where in the Debtor states that he has a fee simple interest in the Premises. **Dkt. 12**. The Debtor scheduled zero other unsecured debts. *Id*.

Rabiya Properties was not scheduled as a creditor of the Debtor's estate, nor served an important motion regarding the status of the foreclosed loan. **Dkts. 16, 16-4.**

Following the foreclosure sale, the foreclosure trustee executed and delivered the deed to Movant's lender, who then recorded the deed on November 22, 2024. *Tr.'s Deed*. **Dkt. 17**. *See also* Ex. 2 to *Dec'l Rabi*. The Movant's lender, Eastside Funding, LLC, was unaware of the bankruptcy petition and acted without knowledge of any bankruptcy stay, to record both the Trustee's Deed and its own Deed of Trust to secure its outlay for the Movant's purchase money loan. *Dec'l Wesolowski*.

While it is true that these actions inadvertently violated the automatic stay imposed under 11 U.S.C. § 362(a), Movant and Movant's lender acted without knowledge of the bankruptcy filing and are innocent parties in this matter. *Dec'ls Rabi & Wesolowski*.

A search of the Pierce County Superior Court's docket and the Western District of Washington PACER docket confirms that the Debtor did not seek statutory injunction prior to the sale. RCW § 61.24.130. *Dec'l Counsel*. The Debtor also failed to tender pre-sale cure, timely or otherwise, under RCW § 61.24.090. *Tr.'s Deed*. Ex. 2 to *Dec'l Rabi* & on file **Dkt. 17.**

MOTION FOR RELIEF FROM STAY & ANNULMENT
3

ROI LAW FIRM, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 3 of 13

Debtor's actions prejudice RABIYA PROPERTIES, LLC's remedy to take the steps to enforce its property rights. Based on this record, the Movant respectfully submits he is entitled to immediate relief from stay and annulment.

**Standing**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). The Code provides that any "party in interest" may seek relief from stay. 11 U.S.C. § 362(d). A "party in interest" may include "any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay". *In re Cruz*, 516 B.R. 594, 602 (9th Cir. BAP 2014), cases cited. Rabiya Properties, LLC has standing to bring this Motion because concurrently filed declarations and exhibits show that on November 15, 2024, Rabiya Properties, LLC bought the Premises at arm's length at a competitive nonjudicial trustee's sale and therefore qualifies as a *bona fide* purchaser of the Premises under RCW § 61.24.040(11). Rabiya Properties, LLC is entitled to use and enjoyment of the Premises, which presently entails completing the trustee's sale by accepting delivery of the Trustee's Deed, recording the Deed (RCW § 61.24.050(1)), possibly pursuing an unlawful detainer action to clear the Debtor from the Premises (RCW § 61.24.060, .146), and remove the cloud on title, if any, occasioned by this Petition (W.D. Wash. Bankr. L.R. 4001-1). These actions to enforce Rabiya Properties, LLC's interest in the Premises is all on hold at a cost to Rabiya Properties, LLC at a cost of $105.98 per day pending this Court's order. Rabiya Properties, LLC has standing to bring this motion.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). The Code provides that any "party in interest" may seek relief from stay. 11 U.S.C. § 362(d). A "party in interest" may include "any party that has a pecuniary interest in the matter, that has a practical stake in the

MOTION FOR RELIEF FROM STAY & ANNULMENT
4

ROI LAW FIRM, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 4 of 13

resolution of the matter or that is impacted by the automatic stay". *In re Cruz*, 516 B.R. 594, 602 (9th Cir. BAP 2014), cases cited. Rabiya Properties, LLC has standing to bring this Motion because concurrently filed declarations and exhibits show that on November 15, 2024, Rabiya Properties, LLC bought the Premises at arm's length at a competitive nonjudicial trustee's sale and therefore qualifies as a *bona fide* purchaser of the Premises under RCW § 61.24.040(11). Rabiya Properties, LLC is entitled to use and enjoyment of the Premises, which presently entails completing the trustee's sale by accepting delivery of the Trustee's Deed, recording the Deed (RCW § 61.24.050(1)), possibly pursuing an unlawful detainer action to clear the Debtor from the Premises (RCW § 61.24.060, .146), and remove the cloud on title, if any, occasioned by this Petition (W.D. Wash. Bankr. L.R. 4001-1). It would be preferred that the Court annul the stay or otherwise ratify the recordings that have taken place.

**Points and Authorities**

1. A Petition filed under Title 11 U.S.C. generally operates as a stay of any act to obtain possession of the property of the estate. 11 U.S.C. § 362(a)(3).

2. 11 U.S.C. § 1322(c)(1), read with Washington State's decisional law, bars cure of mortgage defaults in Chapter 13 once nonjudicial trustee's acting under Washington State's law declares a property "sold" to a third party on the Courthouse steps.

3. It has been held repeatedly in this District that the act of acknowledging a Trustee's Deed violates the automatic stay because the mortgage trustee's exercises discretion.

4. Eviction of a reluctant foreclosure holdover is not one of the exceptions set forth at 11 USC § 362(b)(22)-(23).

5. Relief from stay or annulment is needed in this case to memorialize the sale and remove the Debtor.

MOTION FOR RELIEF FROM STAY & ANNULMENT
5

ROI LAW FIRM, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 5 of 13

6. Section 362(d)(1) of the Code provides that a court shall grant relief from the stay for cause, including lack of adequate protection. Cause exists because the movant is a bona fide purchaser who paid $236,000.00 bid price to the foreclosure trustee and is incurring $105.98 per diem charges for the Debtor to enjoy the movant's property without permission.

7. Section 362(d)(2) of the Code provides that a court shall grant relief from the stay if the Debtor has no equity in the Premises and the Premises is not necessary to an effective reorganization. Cause exists under this section because an unchallenged trustee's sale completed prior to the filing of the petition and purported vesting of the Premises in the Debtor. The foreclosure sale will not be unwound for reasons stated below.

8. "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.". *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed.2d 136 (1979).

9. The Debtor's state law property interests were:

   a. Serve a Motion to enjoin the sale on or 5 court days before it is scheduled. RCW 61.24.130(2).[1]

   b. Cure the arrearage by or before the eleventh day before the sale. RCW 61.24.040(2)(d). See also *Notice of Tr.'s Sale*. Ex. 1 to *Dec'l Rabi*.

The Debtor did neither, and the ensuing trustee's sale activated RABIYA PROPERTIES,

---

[1] RCW 61.24.130(2): No court may grant a restraining order or injunction to restrain a trustee's sale unless the person seeking the restraint gives five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or over who is competent to be a witness, that the notice has been served on the trustee.

MOTION FOR RELIEF FROM STAY & ANNULMENT
6

**ROI LAW FIRM, PLLC**
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 6 of 13

LLC's formidable state law property interests.

10. Now, post-sale, Washington State's law prohibits redemption of the Premises by the Debtor. RCW § 61.24.050(1). *In re Upton*, 102 Wash. App. 220, 222-26, 6 P.3d 1231 (2000)

11. Washington State affords third party trustee sale purchasers, like movant RABIYA PROPERTIES, LLC, extraordinary protections: "Washington State….affords purchasers broader protections than many other states by providing a conclusive presumption of compliance in favor of bona fide purchasers in all aspects of foreclosure". *Albice v. Premier Mortgage Servs. of Wash., Inc.*, 157 Wn.App. 912, 925, n. 9, 239 P.3d 1148 (Div. 2, 2010), aff'd 174 Wn.2d 560, 276 P.3d 1277 (2012).

12. One purchaser protection is that Washington has codified the common law doctrine of waiver. RCW § 61.24.127. *Frizzell v. Murray*, 313 P.3d 1171 (Wash. 2013). A borrower who fails to comply with the RCW § 61.24.130 requirement to timely enjoin the sale, and restart payments, presale, cannot in any way contest the finality of the sale though equitable relief, filing a lis pendens, or any title cloud; precisely what the Debtor seeks to do here. Washington State's law prohibits the Debtor from any way attacking the completed and unchallenged trustee's sale. RCW § 61.24.127.

13. RABIYA PROPERTIES, LLC is a bona fide purchaser[2] at a trustee sale as

---

[2] A BFP is one who purchases property without actual or constructive knowledge of another's claim of right to, or equity in, the property, and who pays valuable consideration. But if the purchaser has knowledge or information that would cause an ordinarily prudent person to inquire further, and if such inquiry, reasonably diligently pursued, would lead to discovery of title defects or of equitable rights of others regarding the property, then the purchaser has constructive knowledge of everything the inquiry would have revealed. Thus, in considering whether a person is a BFP, we ask (1) whether the surrounding events created a duty of inquiry, and if so, (2) whether the purchaser satisfied that duty.

MOTION FOR RELIEF FROM STAY & ANNULMENT
7

**ROI LAW FIRM, PLLC**
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 7 of 13

defined at RCW § 61.24.040(11)[3] because RABIYA PROPERTIES, LLC lacked prior connection to the Premises, the circumstances of the foreclosure are mundane, and RABIYA PROPERTIES, LLC bid at a competitive foreclosure auction against other the foreclosing bank and other parties. *Dec'l Rabi*. The sale of the Premises to RABIYA PROPERTIES, LLC is "conclusive[ly]" valid as a matter of state law. RCW § 61.24.040(11). Ex. 2 to *Dec'l Rabi*.

14. In *In re Nelson*, No. 16-44597, 2017 WL 745595 at 3-4 (Bankr. W.D. Wash. Feb 24, 2017) the Court established that the post-sale Trustee actions of acknowledging, delivering, and recording of the Trustee's Deed are not exempted from the bankruptcy stay by the narrow "ministerial acts" exemption, because the mortgage trustee has discretion to unwind the sale under RCW § 61.24.050(2)[4].

---

Albice v. Premier Mortg. Services of Wash., 174 Wn.2d 560, 573, 276 P.3d 1277 (2012)

[3] The purchaser shall forthwith pay the price bid and on payment the trustee shall execute to the purchaser its deed; the deed shall recite the facts showing that the sale was conducted in compliance with all of the requirements of this chapter and of the deed of trust, which recital shall be prima facie evidence of such compliance and **conclusive evidence thereof in favor of bona fide purchasers** and encumbrancers for value, except that these recitals shall not affect the lien or interest of any person entitled to notice under subsection (1) of this section, if the trustee fails to give the required notice to such person. In such case, the lien or interest of such omitted person shall not be affected by the sale and such omitted person shall be treated as if such person was the holder of the same lien or interest and was omitted as a party defendant in a judicial foreclosure proceeding…. Emphasis provided.

[4] (2)(a) Up to the eleventh day following the trustee's sale, the trustee, beneficiary, or authorized agent for the beneficiary may declare the trustee's sale and trustee's deed void for the following reasons:

(i) The trustee, beneficiary, or authorized agent for the beneficiary assert that there was an error with the trustee foreclosure sale process including, but not limited to, an erroneous opening bid amount made by or on behalf of the foreclosing beneficiary at the trustee's sale;

(ii) The borrower and beneficiary, or authorized agent for the beneficiary, had agreed prior to the trustee's sale to a loan modification agreement, forbearance plan, shared appreciation mortgage, or other loss mitigation agreement to postpone or discontinue the trustee's sale; or

(iii) The beneficiary or authorized agent for the beneficiary had accepted funds that fully reinstated or satisfied the loan even if the beneficiary or authorized agent for the beneficiary had no legal duty to do so.

(b) This subsection does not impose a duty upon the trustee any different than the obligations set forth under RCW 61.24.010 (3) and (4).

MOTION FOR RELIEF FROM STAY & ANNULMENT
8

**ROI LAW FIRM, PLLC**
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 8 of 13

15. The *In re Nelson* Opinion, which, like here, concerned a third-party trustee's sale purchaser, confirms the completion of the auction transferred the Premises title to RABIYA PROPERTIES, LLC. Under Washington State's Deed of Trust Act, RCW Ch. 61.24, the Premises' title transferred to RABIYA PROPERTIES, LLC when the Trustee declared the Premises to be sold. Washington State's decisional holds that law that the foreclosure trustee's acceptance of the bid on the on the courthouse steps binds the foreclosure trustee to the delivery of the deed subject only to procedural irregularities in the sale or breaches of fiduciary duty by the foreclosure trustee. *Udall v. TD Escrow Servs., Inc.*, 159 Wn.2d 903, 154 P. 3d 882 (2007).

16. A chapter 13 debtor may propose a plan that provides for the cure of defaults within a reasonable time and maintenance of payments on any secured claim where the final payment is due after the date of the final plan payment. § 1322(b)(5). But the debtor's right to propose "cure and maintenance" treatment has an important limitation: "a default with respect to . . . a lien on the debtor's principal residence may be cured . . . until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." § 1322(c)(1).

17. In *Palacios v. Upside Invs. LP (In re Palacios)* (B.A.P. 9th Cir. 2013), the Panel affirmed post-sale relief from stay under 11 U.S.C. § 362(d)(1) and noted:

> Any doubts of a chapter 13 debtor's ability to cure mortgage defaults such as Palacios's under the plan is further eliminated by § 1322(c)(1), which provides that, notwithstanding § 1322(b)(2) and applicable nonbankruptcy law, a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under § 1322(b)(3) or (5), until the residence is sold at a foreclosure sale. See 8 COLLIER ON BANKRUPTCY ¶ 1322.07[2] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2012).

MOTION FOR RELIEF FROM STAY & ANNULMENT
9

ROI LAW FIRM, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 9 of 13

18. Washington State's law conclusively establishes a valid trustee's sale to RABIYA PROPERTIES, LLC. *Tr's Deed,* Ex. 2 to *Dec'l Rabi* & on file. RCW § 61.24.040. The Debtor conclusively waived any right to attack the sale after the fact for failure to spend the time and money pursue statutory injunction and cure. RCW § 61.24.127. The Code bars the Debtor from cure. 11 U.S.C. § 1322(c)(1). Washington State's law offers no redemption to the Debtor. RCW § 61.24.050. This is an appropriate case for the Court to enter a relief from stay order confirming no stay exists, permitting RABIYA PROPERTIES, LLC to finalize the sale and seek possession of the Premises. Any other result would create a new property right in bankruptcy court that does not exist at state law.

19. This Order is also necessary because the Court should not confirm a reorganization plan contingent upon Debtor remaining in RABIYA PROPERTIES, LLC's property and repaying the mortgage that was extinguished by RABIYA PROPERTIES, LLC's foreclosure purchase. RABIYA PROPERTIES, LLC does not want the Debtor in the Premises. *Dec'l Rabi*. Despite bankruptcy filing, review of the Pierce County Superior Court Docket and the Western District of Washington Docket show the Debtor did act under state law to cure or enjoin the sale. The Debtor is now barred by RCW § 61.24.127 from attacking the sale, clouding RABIYA PROPERTIES, LLC's title, or seeking any equitable relief concerning the Premises. Both Washington State's law and this District's bankruptcy courts provide extraordinarily high protections to third party trustee sale purchasers that RABIYA PROPERTIES, LLC enjoys.

20. RABIYA PROPERTIES, LLC respectfully submits that the exercise of rescinding the trustee's deed that was recorded so that it can be signed again and re-recorded is wasteful and would amount to thousands of dollars in transaction costs to RABIYA

MOTION FOR RELIEF FROM STAY & ANNULMENT
10

ROI LAW FIRM, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 10 of 13

PROPERTIES, LLC and its lender, who were merely bystanders without knowledge in this process. These costs would include multiple recording fees at more than $300.00 in government costs, each. To address this, the Court will hopefully consider the factors for annulment set forth in *In re Fjelstead*, 293 B.R. 12 (9th Cir. BAP 2003). At the least, factors 3 (prejudice to creditors and third parties absent annulment), 9 and 10 (prompt motion), and 12 (judicial and other efficiency) weigh in favor of the Court annulling the stay.

21. Pursuant to Rule 4001(4), Rabiya Properties requests the order take effect immediately due to the Debtor's mounting costs. The Debtor would in more than $1,000 in additional costs without an order cancelling the 14-day stay.

**WHEREFORE**, RABIYA PROPERTIES, LLC prays that this court issue an Order affirming the sale of the Premises as a matter of bankruptcy law, to include annulment of the stay, and allowing RABIYA PROPERTIES, LLC take whatever further steps are necessary to enforce RABIYA PROPERTIES, LLC's rights in the Premises, seek possession of the Premises. RABIYA PROPERTIES, LLC requests the Court waive the 14-day stay at Bankr. R. 4001(4) due to mounting costs set forth in the Declaration of Rabi not secured by a recorded deed.

DATED this 30th day of January, 2025.

**ROI LAW FIRM, PLLC**

s/ Seth Goodstein
Seth Goodstein, WSBA #45091
*Attorneys for Movant*

MOTION FOR RELIEF FROM STAY & ANNULMENT
11

**ROI LAW FIRM, PLLC**
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 11 of 13

## Certificate of Service

On January 30, 2025, I obtained and download the Mailing Matrix of Creditors in this Case. **Ex hereto.** I served the foregoing Motion, Declaration of Rabi, Declaration of Mike Wesolowski, Declaration of Counsel, and Proposed Order on the following individuals by electronic means on all parties in this matter who are registered with the Court Court's ECF program:

United States Trustee
Dorothy Bartholomew
Michael G. Malaier, Chapter 13 Trustee
All other scheduled ECF participants noted on Matrix.


I served the foregoing Motion, Declaration of Rabi, Declaration of Mike Wesolowski, Declaration of Counsel, Proposed Order, on the following individuals by depositing true copies thereof in the United States mail, postage paid to:

Debtor:
Gregery Dean Pim
6607 Eastside Drive NE
Tacoma, WA 98422

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of January, 2025 at Tacoma, Washington.


    ROI LAW FIRM, PLLC

    s/ Seth Goodstein
    Seth Goodstein

MOTION FOR RELIEF FROM STAY & ANNULMENT
12

ROI LAW FIRM, PLLC
1302 North I Street, Ste. C
Tacoma, WA 98403
253-753-1530
Fax 253-753-1532

Case 24-42622-MJH    Doc 23    Filed 01/30/25    Ent. 01/30/25 19:17:46    Pg. 12 of 13

| Label Matrix for local noticing | HSBC Bank USA, National Association | U.S. Bankruptcy Court |
| --- | --- | --- |
| 0981-3 | c/o McCarthy & Holthus, LLP | 1717 Pacific Avenue |
| Case 24-42622-MJH | 108 1st Avenue South, Ste. 300 | Suite 2100 |
| Western District of Washington | Seattle, WA 98104-2104 | Tacoma, WA 98402-3233 |
| Tacoma | | |
| Thu Jan 30 19:01:11 PST 2025 | | |
| Chexsystems | (p)EQUIFAX INC | HSBC Bank USA, National Association as Trust |
| Attn: Consumer Relations | 1550 Peachtree Street NE | c/o Wells Fargo Bank, N.A. |
| 7805 Hudson Road | Atlanta, GA 30309 | Attn: Bankruptcy Department |
| Suite 100 | | MAC N9286-01Y Default Document Processin |
| Saint Paul, MN 55125-1595 | | P.O. Box 1629 |
| | | Minneapolis, MN 55440-1629 |
| Internal Revenue Service | New Rez | Pierce County Assessor |
| PO Box 7346 | PO Box 619063 | 2401 S 35th St |
| Philadelphia, PA 19101-7346 | Dallas, TX 75261-9063 | Room 142 |
| | | Tacoma, WA 98409-7498 |
| United States Trustee | Verizon | Wells Fargo Bank, N.A. |
| 700 Stewart St Ste 5103 | by AIS InfoSource LP as agent | PO Box 6995 |
| Seattle, WA 98101-4438 | PO Box 4457 | Portland, OR 97228-6995 |
| | Houston, TX 77210-4457 | |
| Dorothy A Bartholomew | Gregery Dean Pim | Michael G. Malaier |
| Dorothy Bartholomew PLLC | 6607 East Side Drive NE | 5219 N Shirley St Ste 101 |
| 5310 12th Street East | Tacoma, WA 98422-1111 | Ruston, WA 98407-6599 |
| Ste C | | |
| Fife, WA 98424-2772 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Equifax Information Services
PO Box 740241
Atlanta, GA 30374

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Citizens Bank, National Association | (u)Courtesy NEF | (u)Rabiya Properties, LLC |
| --- | --- | --- |

| (u)24-42622 | End of Label Matrix | |
| --- | --- | --- |
| | Mailable recipients | 14 |
| | Bypassed recipients | 4 |
| | Total | 18 |